J-S35010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JARED MYCHAL THOMPSON | : | |
| | : | No. 414 MDA 2025 |
| APPEAL OF: ROGER FREED | : | |

Appeal from the Order Entered March 7, 2025
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000808-2022

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY OLSON, J.:                    **FILED: DECEMBER 18, 2025**

Appellant, Roger Freed, appeals from the order entered on March 7, 2025.  We affirm.

As the trial court ably explained:

> [The] Commonwealth charged [Jared Mychal Thompson ("Thompson")] with committing serious sexual offenses against a minor family member.  Shortly after those charges were filed, Thompson accused [Appellant] (a school administrator), as well as at least one teacher, of engaging in sexual activities with him while he was a student in the Williamsport Area School District (WASD), the same school system as [Appellant] and the teacher.  By the time Thompson made these accusations, a few years had passed and he was in college and no longer a minor.

> The Commonwealth sought to *nol pros* the charges against Thompson because the alleged child victim was not willing to testify against Thompson.  The Commonwealth submitted a stipulated order to *nol pros* the charges against Thompson, which the [trial] court initially granted on November 1, 2023.  Shortly thereafter, Thompson filed a petition for

expungement [of his criminal history record information under 18 Pa.C.S.A. § 9122]. . . .

On November 29, 2023, due to a new appellate court case, the [trial] court *sua sponte* vacated the *nol pros* order and scheduled the matter for a hearing. On December 6, 2023, [Appellant] filed a petition to intervene in any expungement proceedings to protect his constitutional rights under the Sixth Amendment of the United States Constitution and Article 1, § 9 of the Pennsylvania Constitution to confront Thompson and cross-examine him during [Appellant's] criminal trial. The [trial] court granted the *nol pros* and [Appellant's] petition to intervene in an opinion and order entered on July 11, 2024.

[Appellant's] criminal case went to trial in early March 2025 and, on March 6, 2025, the jury acquitted [Appellant]. On March 7, 2025, the [trial] court granted Thompson's petition for expungement. [Appellant] appealed.

Trial Court Opinion, 5/27/25, at 1-2 (footnotes omitted).

Appellant raises the following claim on appeal:

Whether the trial court abused its discretion in granting the expungement of [Thompson]?

Appellant's Brief at 5.

We have reviewed the briefs of the parties, the relevant law, the certified record, and the opinion of the able trial court judge, the Honorable Nancy L. Butts. We conclude that Appellant is not entitled to relief in this case, for the reasons expressed in President Judge Butts' well-reasoned May 27, 2025 opinion. Therefore, we affirm on the basis of President Judge Butts' able opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of President Judge Butts' May 27, 2025 opinion.

Order affirmed.  Jurisdiction relinquished.


Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/18/2025